■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN MARROW, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 21, 1981, convicting him of criminal possession of stolen property in the second degree, upon his guilty plea, and imposing sentence. Judgment affirmed. Defendant, a predicate felon, was indicted and charged with criminal possession of stolen property in the first degree and subsequently pleaded guilty to criminal possession of stolen property in the second degree, a class E felony. Despite the prosecutor's promise to defendant that he would recommend a concurrent sentence to the one defendant was then serving in Federal prison, the court expressly declared that it was making no promises as to what sentence would be imposed. Defendant made no effort to withdraw his plea. At sentencing, the prosecutor reneged on his promise and recommended a consecutive sentence. Although defendant's counsel addressed the court, he made no mention of the prosecutor's promise nor did he attempt to withdraw the guilty plea. The defendant also failed to object to the prosecutor's recommendation and made no personal attempt to withdraw his plea. The court imposed a consecutive sentence. Subdivision 2-a of section 70.25 of the Penal Law mandates that when a predicate felon is convicted of a subsequent felony, a consecutive sentence must be imposed. While under *Santobello v New York* (404 US 257), when a prosecutor reneges on a promise which induces a plea of guilty, the defendant must be permitted to withdraw his plea or the promise must be fulfilled, the rule does not apply if the prosecutor makes a promise which cannot legally be performed. Under such circumstances, the defendant cannot, as a matter of law, ·rely on the promise (*People v Selikoff*, 35 NY2d 227). Here, the law mandated a consecutive sentence. Furthermore, the issue was not preserved for appellate review because of the failure to seek withdrawal of the plea (*People v Pascale*, 48 NY2d 997; *People v Warren*, 47 NY2d 740; *People v Nixon*, 21 NY2d 338, cert den *sub nom. Robinson v New York*, 393 US 1067; *People v*

*Moore,* 91 AD2d 1050; *People v Blake,* 88 AD2d 962). Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.